# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

C L O S E D

TORRY JAY TURNER, #603403,

> Petitioner,

v.

LLOYD RAPELJE,

> Respondent.

_____/

Case Number: 09-CV-10019
Honorable Anna Diggs Taylor

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Torry Jay Turner, a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan,[1] filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner was convicted of (1) assault with intent to commit criminal sexual conduct involving penetration, MICH.COMP.LAWS § 750.520G1, and (2) fourth-degree criminal sexual conduct, MICH.COMP.LAWS § 750.520E1A, by a Kent County, Michigan, circuit court jury. He was sentenced to (1) two to twenty years in prison for the assault conviction, and (2) one to four years in prison for the fourth-degree criminal sexual conduct conviction. Petitioner's sentences were enhanced because he was a habitual offender, third, MICH.COMP.LAWS § 769.11. In his *pro se*

---

[1]Petitioner was incarcerated at Saginaw Correctional Facility, when he initially filed his habeas petition. However, he has since been transferred to the Chippewa Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

pleadings, Petitioner alleges that he was denied the right to present a defense. For the reasons set forth below, the Court will deny the petition. The Court also declines to issue Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. Fed.R.App. 24(a).

## I. BACKGROUND

Petitioner's troubles in this case stem from an incident that occurred on April 2, 2005. The trial began on April 10, 2006. A.W.,[2] the complainant in this case, was first to testify.

A.W., who was twenty-eight-years-old and married at the time of the incident, testified that she moved into a new apartment on or about March 1, 2005. According to A.W., she had been receiving social security disability benefits since she was in ninth grade because of a learning disability. Petitioner was A.W.'s next-door neighbor.

On April 2, 2005, Petitioner came over to A.W.'s apartment. She testified that the front door was open while he was there. According to A.W., she sat in a chair by her computer while Petitioner was kneeling on the floor, off to her left. She said Petitioner then moved behind her, so that he could see the computer better. She testified that he then started to rub her back. She said she told him to stop because he was making her feel uncomfortable, and, she was married and it was not appropriate. Petitioner stopped.

However, when A.W. leaned forward toward the keyboard, Petitioner grabbed her head and jerked it back. She said he then put his hand under her shirt and started touching her breasts. She testified that she told him, "Please don't do that, that's not making me comfortable," and "I'm

---

[2]Rather than using the full name of the complainant, initials are used to protect her identity.

2

married, please stop." (Trial Tr. vol. II, 114, Apr. 11, 2006.)  A.W. said Petitioner then went over to her left side; she said she continued to look at the computer because she was nervous and scared and did not know how to react.  According to A.W., she said she then felt something touching her face, and, when she looked up, Petitioner had his penis out of his pants and was touching her face with it.  He told her to kiss it; she told him no.  Petitioner took her hand and then tried to put her hand on the area.  She again told him to stop.  Petitioner responded, "Well, do you feel that?  That's for you." (Trial Tr. vol. II, 115, Apr. 11, 2006.)  Again, A.W. asked him to stop.  Petitioner stopped and left.

A.W. testified that she did not call the police at that time because her cell phone did not have minutes left.  However, when her friend came over later in the afternoon, she used his phone to call them.  When the police arrived at her apartment, she said she talked to Detective Mike Struve and told him what had occurred.  A.W. said she was very scared, confused, and angry.

A.W.'s mother testified next.  She told the jury that A.W. was her adopted daughter and that she was born with fetal alcohol syndrome, which affected her judgment and her reaction time.  She said she visited A.W. on the day in question, and, when she arrived at her home, she found her daughter "close to hysterical." (Trial Tr. vol. II, 166, Apr. 11, 2006.)  She testified that her daughter told her everything that had happened.  She said the authorities had already been called.

Detective Mike Struve from the Wyoming Police Department testified next.  He testified that he was dispatched to the scene.  Detective Struve said that when he arrived, A.W. was very upset; she was crying and could hardly talk.  He said she appeared scared.

Detective Michael Moore, the officer assigned to investigate the case, testified next.  He said he contacted Petitioner, told him that he was investigating a sexual assault, and requested that he

3

come to the police department to discuss the complaint. Detective Moore said Petitioner refused to

do so. However, Detective Moore said he talked to Petitioner over the phone. He testified that

Petitioner told him that he had been at A.W.'s apartment and that he had been rubbing her shoulders

but she told him to stop because "she wanted to be faithful to her husband." (Trial Tr. vol. II, 208,

Apr. 11, 2006.) According to Detective Moore, Petitioner denied touching her breasts, her thighs,

and also denied exposing his penis to her.

Petitioner did not testify. His defense was consent.

After approximately two hours of deliberations, the jury found Petitioner guilty of the above-

stated charges. He was sentenced as stated.

Subsequently, Petitioner filed a claim of appeal with the Michigan Court of Appeals, raising

the following claims:

I.  It was prejudicial error for a witness to comment on the credibility of the complainant, stating that complainant was Christian and that the witness could trust what she said.

II.  The trial court erred in allowing the testimony of a witness who admittedly lacked personal knowledge regarding some of the events that she testified to and could only testify to them based on her review of the record in the case and her discussion with the complainant.

III.  The trial court erred in making [Petitioner's] sentence consecutive to his federal sentence and in scoring prior record variable six when the plain language of the statutes do not permit this where the [Petitioner] is on federal supervised release.

IV.  The trial court violated [Petitioner's] due process rights at sentencing by scoring OV4 and OV10 based on alleged facts that the jury did not find beyond a reasonable doubt.

V.  The [Petitioner] was denied the effective assistance of his attorney where his attorney failed to object or otherwise preserve issues raised in this appeal.

Petitioner, acting in *pro per*, filed the following supplemental issue:

4

VI.    The Magistrate Judge denied [Petitioner] a preliminary examination on the charges and permitted [Petitioner] to be tried on charges difference than in the complaint and warrant.

On November 20, 2007, the Michigan Court of Appeals, in an unpublished opinion, affirmed Petitioner's convictions and sentences. *People v. Turner*, No. 271383, 2007 WL 4119062 (Mich.Ct.App. Nov. 20, 2007). Petitioner did not file an application for leave to appeal that decision in the Michigan Supreme Court. Nor did he file a writ of certiorari in the United States Supreme Court. Rather, Petitioner filed a motion for relief from judgment, pursuant to Mich.Ct.R. 6.508(D), in the trial court, raising the following:

I.    [Petitioner] is entitled to consideration of his claim regardless of whether he can show good cause for failure to raise the claim on appeal because he alleges a jurisdictional defect.

II.    The [trial] court violated [Petitioner's] due process rights because the Information failed to specify the acts of which he was charged and due to this inadequate notice, he was unable to properly defend himself.

On March 27, 2008, the trial court denied Petitioner's post conviction motion. *People v. Turner*, No. 05-04043-FH (Kent County Circuit Court, Mar.27, 2008). The trial court also denied Petitioner's motion for reconsideration of that decision. *People v. Turner*, No. 05-04043-FH (Kent County Circuit Court, May 12, 2008).

Petitioner filed applications for leave to appeal that decision in both state appellate courts, which were denied. *People v. Turner*, No. 285648 (Mich.Ct.App. Aug. 5, 2008); *People v. Turner*, 482 Mich. 1069, 757 N.W.2d 482 (2008). Both appellate courts denied the applications because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

On January 5, 2009, Petitioner filed this habeas petition, raising the following claims:

5

I.     Petitioner was denied his right to due process because the information failed to specify the acts for which he was charged and due to this inadequate notice, he was unable to properly defend himself.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state-court decisions and states in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedin2gs.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.

## III.  DISCUSSION

6

## A.  Right to Present a Defense

In his single ground for habeas relief, Petitioner asserts that he was denied his right to present a defense because the Information failed to specify the acts for which he was charged, and therefore, because he did not have proper notice, he was unable to properly defend himself.  Respondent asserts that Petitioner's claim is procedurally defaulted; the claim was not raised in his direct appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.  Rather, Petitioner raised this federal claim for the first time in his motion for relief from judgment, which was denied by both the Michigan Court of Appeals and the Michigan Supreme Court on the grounds that he had failed to demonstrate entitlement to relief under Mich.Ct.R. 6.508(D).

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977); *Murray v. Carrier*, 477 U.S. 478, 485-492 (1986)).  To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule, (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim, and (3) the state procedural default is an independent and adequate state ground properly foreclosing federal habeas review of the federal constitutional claim.  *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004) (citing *Seymour v. Walker*, 224 F.3d 542, 554-55 (6th Cir. 2000) (citation omitted)); *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must

7

demonstrate either: (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray*, 477 U.S. at 495; *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* at 536-37 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To determine whether Petitioner has been denied relief based on a procedural default, the Court looks to the last "reasoned state judgment rejecting [the] federal claim." *Ylst*, 501 U.S. at 803. The doctrine is applicable if "the last state court to review [the prisoner's] conviction 'clearly and expressly' relied on [the prisoner's] procedural default in its decision affirming Petitioner's conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) (citing *Harris v. Reed*, 489 U.S. 255, 262-63 (1989)). A state law procedural rule is adequate and independent when it was "firmly established and regularly followed" at the time of the asserted procedural default. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998) (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

According to Mich.Ct.R. 6.508(D), a motion for relief from judgment may only be granted in limited circumstances, the relevant portion of which provides as follows:

> (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

* * *

> (2) alleges grounds for relief which were decided against the defendant in a prior

8

appeal or proceeding under this sub-chapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this sub-chapter, unless the defendant demonstrates

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> (b) actual prejudice from the alleged irregularities that support the claim for relief.  As used in this sub-rule, "actual prejudice" means that,
>
> > (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
> >
> > * * *
> > (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;
> >
> > * * *

The court may waive the "good cause" requirement of sub-rule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

Here, the Michigan Supreme Court expressly stated that it denied Petitioner's application for leave to appeal on the basis that Petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *Turner*, 482 Mich. 1069, 757 N.W.2d 482.  Under Mich.Ct.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal.  For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand."  Mich.Ct.R. 6.508(D)(3)(a)-(b).  In

9

assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because Mich.Ct.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, Mich.Ct.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007.

Because Petitioner's claim for relief is procedurally defaulted, in order to be entitled to habeas review, he must demonstrate either cause excusing his default and actual prejudice or that he is actually innocent of the crimes for which he was convicted.

Petitioner did not allege any "cause" for the procedural default of this claim. For this reason, Petitioner has failed to demonstrate cause sufficient to overcome the procedural default. Ineffective assistance of counsel may constitute cause for excusing a procedural default, *see Murray*, 477 U.S. at 488, but only when the performance of counsel was so deficient that it could not be considered the representation guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668 (1984). In the absence of cause for the procedural default, it is unnecessary to consider any prejudice resulting from this alleged error of federal law.

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the Court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In *Schlup*, the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's

10

innocence.

*Schlup*, 513 U.S. at 321.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. *See*, e.g., *Paffousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec.19, 2000) ("In order to establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him"). Evidence sufficient to establish actual innocence "normally consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Paffousen*, 2000 WL 1888659 at *3 (citing *Schlup*, 513 U.S. at 322-24).

Petitioner offers no such new evidence that he is actually innocent of the crime for which he was convicted. Therefore, Petitioner cannot overcome his procedural default and he is not entitled to habeas relief regarding this claim.

### B.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide

11

whether to issue a COA.  *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072) (a district judge who has just denied a habeas petition has intimate knowledge of both the record and the relevant law and is often best able to determine whether to issue the COA).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . .  jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.  When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find the Court's ruling regarding Petitioner's claim that it is barred by procedural default debatable.  The Court also declines to issue

Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*, as any

appeal would be frivolous.  Fed.R.App.P. 24(a).

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** Petitioner's petition for writ of habeas corpus [dkt.

# 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of

appealability and leave to proceed on appeal *in forma pauperis*.


DATED:  January 13, 2010                          **s/Anna Diggs Taylor**
                                                  ANNA DIGGS TAYLOR
                                                  UNITED STATES DISTRICT JUDGE

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 13, 2010.

Torry Turner, #603403
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

                                       s/Johnetta M. Curry-Williams
                                       Case Manager

13